IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| VICENTA VEGA | § | |
| | § | |
| v. | § | NO. 4:24-CV-00733-SDJ-BD |
| | § | |
| ROSS STORES INC., *et al.* | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Vicenta Vega moved for a determination of the applicability of Texas Civil Practice and Remedies Code § 18.001. Dkt. 20. The defendants did not respond. The motion will be granted.

The Fifth Circuit has never directly addressed the applicability of § 18.001 in diversity cases that arise in Texas. But this court routinely applies § 18.001 to permit an affidavit to prove, in the absence of a controverting counter-affidavit, that the amount charged for a service was reasonable or that the service was necessary. *See Delarosa v. Great Neck Saw Manufacturers, Inc.*, 565 F. Supp. 3d 832, 836 (E.D. Tex. 2021) (allowing affidavits under § 18.001 but declining to apply the statute's timing provisions); *Barnes v. Burlington Coat Factory of Tex., Inc.*, No. 4:21-CV-00008-SDJ-CAN, 2021 WL 12310948 at *3 (E.D. Tex. July 23, 2021) (collecting cases); *Henson v. Deepwell Energy Svcs., LLC*, No. 1:20-CV-00141-MJT, 2021 WL 3388036, at *6–8 (E.D. Tex. June 14, 2021); *Grant v. CRST Expedited, Inc.*, No. 1:18-CV-00433-MAC, 2021 WL 2101741, at *12 (E.D. Tex. Apr. 7, 2021) (applying § 18.001 in the motion-in-limine context); *Vansill v. Dollar Tree Stores, Inc.*, 520 F. Supp. 3d 847, 854 (E.D. Tex. 2021) (allowing affidavits under § 18.001 but declining to apply the statute's timing provisions); *Grant v. CRST Expedited, Inc.*, No. 1:18-CV-00433-MAC, 2021 WL 1151560 at *2–4 (E.D. Tex. Jan. 28, 2021) (applying § 18.001 in the motion-to-strike context); *Peals v. QuikTrip Corp.*, 511 F. Supp. 3d 770, 782 (E.D. Tex. 2021) (allowing affidavits under § 18.001 but declining to apply the statute's timing provisions); *Reynolds v. United Fin. Cas. Co.*, No. 9:19-CV-00154-ZJH, 2020 WL 8269667 at *1–3 (E.D. Tex. Dec. 14, 2020);

*Bagley v. Dollar Tree Stores, Inc.*, No. 1:18-CV-00580-MAC, 2019 WL 6492585 at *5–7 (E.D. Tex. Dec. 2, 2019).

That is because state law governs the questions of what damages are available and how the plaintiff must prove them. *Barnes*, 2021 WL 12310948 at *2. The court does not apply the timing and notice requirements of § 18.001 because those provisions are purely procedural. *See Bagley*, 2019 WL 6492585 at *7.

It is **ORDERED** that the motion, Dkt. 20, is **GRANTED**. The deadlines for serving affidavits and counter-affidavits will be set by the amended scheduling order, which will be entered separately.

So **ORDERED** and **SIGNED** this 21st day of April, 2025.

_____
Bill Davis
United States Magistrate Judge