# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| VICENTA VEGA | § | |
| | § | |
| v. | § | NO. 4:24-CV-00733-SDJ-BD |
| | § | |
| ROSS STORES INC. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Vicenta Vega moved for a determination of the applicability of Texas Civil Practice and Remedies Code § 18.001. Dkt. 20; *see* Dkts. 30, 31 (response and brief in support). The motion will be granted.

## DISCUSSION

Section 18.001(b) provides that,

> [u]nless a controverting affidavit is served as provided by this section, an affidavit that the amount a person charged for a service was reasonable at the time and place that the service was provided and that the service was necessary is sufficient evidence to support a finding of fact by judge or jury that the amount charged was reasonable or that the service was necessary.

Another provision of the same section explains that a controverting counter-affidavit

> must give reasonable notice of the basis on which the party serving it intends at trial to controvert the claim reflected by the initial affidavit and must be taken before a person authorized to administer oaths. The counteraffidavit must be made by a person who is qualified, by knowledge, skill, experience, training, education, or other expertise, to testify in contravention of all or part of any of the matters contained in the initial affidavit.

Tex. Civ. Prac. & Rem. Code § 18.001(f). The statute also clarifies that affidavits and counter-affidavits are not sufficient to prove or controvert causation. *Id.* § 18.001(b), (f). And it sets deadlines for serving the affidavits or counter-affidavits. *Id.* § 18.001(d)–(e-1).

Vega argues that the Federal Rules of Decision Act, 28 U.S.C. § 1652, and the doctrine of *Erie Railroad v. Tompkins*, 304 U.S. 64 (1938), require the court to apply § 18.001 as substantive law in this diversity case. *See Gasperini v. Ctr. for Humans., Inc.*, 518 U.S. 415, 427 (1996) (explaining that,

under *Erie*, federal courts sitting in diversity apply state substantive law and federal procedural law). She also notes that this and other federal courts in Texas have applied § 18.001 in diversity cases.

Defendant Ross Stores cites two opinions of the Supreme Court of Texas that describe § 18.001 as procedural and argues that those opinions weigh against a federal court's application of the statute. Dkt. 31 at 3–4 (citing *Gunn v. McCoy*, 554 S.W.3d 645 (Tex. 2018), and *Haygood v. De Escabedo*, 356 S.W.3d 390 (Tex. 2011)). In its view, the Federal Rules of Evidence, particularly those addressing hearsay, should govern admissibility of affidavits of the sort described in § 18.001. Ross Stores also points to several federal-court orders that have declined to apply § 18.001.

The Fifth Circuit has not addressed the applicability of § 18.001 in diversity suits that arise in Texas. But it has explained that "state law governs what the plaintiff must prove and how it may be proved." *McCaig v. Wells Fargo Bank (Tex.), N.A.*, 788 F.3d 463, 482 (5th Cir. 2015). Following that guidance, this court frequently applies § 18.001 to permit an affidavit to prove, in the absence of a controverting counter-affidavit, that the amount charged for a service was reasonable or that the service was necessary. *See Delarosa v. Great Neck Saw Mfrs., Inc.*, 565 F. Supp. 3d 832, 836 (E.D. Tex. 2021) (allowing affidavits under § 18.001 but declining to apply the statute's timing provisions, which go only to procedure); *Barnes v. Burlington Coat Factory of Tex., Inc.*, No. 4:21-CV-00008-SDJ-CAN, 2021 WL 12310948 at *3 (E.D. Tex. July 23, 2021) (collecting cases); *Henson v. Deepwell Energy Servs., LLC*, No. 1:20-CV-00141-MJT, 2021 WL 3388036, at *6–8 (E.D. Tex. June 14, 2021); *Grant v. CRST Expedited, Inc.*, No. 1:18-CV-00433-MAC, 2021 WL 2101741, at *12 (E.D. Tex. Apr. 7, 2021) (applying § 18.001 in the motion-in-limine context); *Vansill v. Dollar Tree Stores, Inc.*, 520 F. Supp. 3d 847, 854 (E.D. Tex. 2021) (allowing affidavits under § 18.001 but declining to apply the statute's timing provisions); *Grant v. CRST Expedited, Inc.*, No. 1:18-CV-00433-MAC, 2021 WL 1151560 at *2–4 (E.D. Tex. Jan. 28, 2021) (applying § 18.001 in the motion-to-strike context); *Peals v. QuikTrip Corp.*, 511 F. Supp. 3d 770, 782 (E.D. Tex. 2021) (allowing affidavits under § 18.001 but declining to apply the statute's timing provisions); *Reynolds v. United Fin. Cas. Co.*, No. 9:19-CV-00154-ZJH, 2020 WL 8269667 at *1–3 (E.D. Tex. Dec. 14,

2020); *Bagley v. Dollar Tree Stores, Inc.*, No. 1:18-CV-00580-MAC, 2019 WL 6492585 at *5–7 (E.D. Tex. Dec. 2, 2019).

In *Delarosa*, the court considered whether *Gunn* and *Haygood* require a different result. 565 F. Supp. 3d at 838–40. After noting that the Supreme Court of Texas characterized § 18.001 as "purely procedural" in *Haygood*, 356 S.W.3d at 397, the court explained that "[a] state court's characterization of a rule as 'procedural' does not always decide an *Erie* issue," *Delarosa*, 565 F. Supp. 3d at 839. To illustrate that point, it cited *Guaranty Trust Co. v. York*, a case in which the Supreme Court noted the immateriality of "whether statutes of limitation are characterized either as 'substantive' or 'procedural' in State court opinions in any use of those terms unrelated to the specific issue" arising from *Erie*, which "was not an endeavor to formulate scientific legal terminology." 326 U.S. 99, 109 (1945). The Supreme Court observed that *Erie* aimed "to insure that, in all cases where a federal court is exercising jurisdiction solely because of the diversity of citizenship of the parties, the outcome of the litigation in the federal court should be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a State court." *Id.*

*Delarosa* went on to note that the Supreme Court of Texas's more recent opinion in *In re Allstate Indemnity Co.*, 622 S.W.3d 870 (2021), "shows how § 18.001 is often intertwined with a claimant's substantive rights," *Delarosa*, 565 F. Supp. 3d at 839. The court explained that "while § 18.001 may be 'procedural' at the pre-trial phase, it accrues 'substantive' weight as a case proceeds to trial." *Id.*

*Delarosa* also applied the "arguably procedural" test, articulated in *Hanna v. Plumer*, 380 U.S. 460 (1965), to conclude that allowing the use of § 18.001 affidavits in federal court does not directly collide with the Federal Rules of Evidence. 565 F. Supp. 3d at 841–42. It then engaged in a traditional *Erie* analysis and determined that application of § 18.001 would "significantly affect the result of a litigation" because it allows plaintiffs to reduce expenses related to retaining expert witnesses and to rely on non-medical affiants to present evidence of treatment costs. *Id.* at 842 (quoting *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 406 (2010)).

3

The court also considered whether the Rules Enabling Act, 28 U.S.C. § 2072, allows the Federal Rules of Evidence to supplant § 18.001. *Id.* at 842–44. It concluded that a refusal to apply § 18.001 would alter the probability and amount of a plaintiff's recovery and therefore abridge a substantive right in violation of the Act. *Id.*

But as already noted, *Delarosa* did not conclude that all of § 18.001 applies in federal court. Consistent with previous orders of the court, it declined to apply the statute's timing provisions, setting its own deadlines instead. *Id.* at 844.

The defendant's response and brief in support fail to mention either *Delarosa* or *Allstate* and do not raise any argument that counsels deviation from the court's considered judgment that § 18.001 applies in diversity cases. The court will follow that judgment.

There is, however, a substantial split of authority within Texas's federal district courts on this important and recurring point of law. Able jurists have looked closely at the issue and reached different conclusions. *See Mendez v. Berkshire Prop. Advisors, L.L.C.*, 746 F. Supp. 3d 411, 413–16 (N.D. Tex. 2024) (citing just some of the many conflicting decisions). And although the issue has been certified for interlocutory appeal, *Chapman v. QuikTrip Corp.*, No. 3:21-CV-2314-S, 2022 WL 4002904, at *5 (N.D. Tex. Aug. 31, 2022) (citing *Schmidt v. Blue Monster Transp., Inc.*, 606 F. Supp. 3d 424, 426 (N.D. Tex. 2022)), the Fifth Circuit has not yet considered it, *see Schmidt*, 606 F. Supp. at 425–27 (noting some of the factors that work against the issue being appealed). If the Fifth Circuit (or the Supreme Court, on certiorari review), holds that § 18.001 does not apply in federal court, this court will of course follow that holding. But at present, and with respect for the many district and magistrate judges who have viewed the issue differently, it will follow the path established in this district.

## CONCLUSION

It is **ORDERED** that the motion, Dkt. 20, is **GRANTED**. The defendant's response indicates that Vega has already served her affidavits. Dkt. 30 at 2. The defendant's counter-affidavits, if any, are due 21 days after the entry of this order.

So **ORDERED** and **SIGNED** this 19th day of September, 2025.

_____
Bill Davis
United States Magistrate Judge